## No. 11,121.

### JAMISON *v.* NIEL NOHR AUTOMOBILE CO., ET AL.

Decided March 2, 1925.    Rehearing denied April 6, 1925.

Action to rescind executed contract of sale of an automobile.   Judgment for defendants.

*Affirmed.*

### On Application for Supersedeas.

1.  CONTRACT—*Written—Oral.*  A party who sets out in his complaint for rescission, copy of a written contract of sale and warranty, may not obtain relief upon an alleged oral warranty which is at variance with, and antagonistic to the written warranty contained in the contract which he says he knowingly entered into.

2.  SALES—*Warranty—Consideration.*  An alleged oral absolute and unrestricted warranty of an automobile made at the time of delivery 40 days after the execution of the written contract of sale, held without consideration, if made.

3.  APPEAL AND ERROR—*Pleading—Presumption.*  Where a defendant renewed his objection to a complaint on the same grounds embodied in a motion to strike which was denied, in the absence of a contrary showing in the record, it will be assumed on review that leave of court to renew was granted, where the court entertained the second objection and sustained it.

4.  TRIAL—*Equity—Jury.*  The verdict of a jury in an equity action is advisory only, and not binding on the court.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JAMES P. WILSON, Mr. GEORGE W. TOBIN, for plaintiff in error.

Mr. H. A. CALVERT, Mr. M. E. WOODWARD, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by plaintiff Jamison, the buyer, who, becoming dissatisfied with his purchase, elected to rescind an executed contract of sale of an automobile which he bought, as he says, of the Niel Nohr Automobile Company and the Duesenberg Automobile Company. The complaint was dismissed and judgment went against the plaintiff on defendants' counterclaim for the balance of the purchase price. The plaintiff is here with this writ. It seems that plaintiff filed three separate pleadings. The case proceeded to trial upon the second amended complaint, whose material allegations were denied by the answer which contained a counterclaim. The action is equitable in its nature, but for some reason not apparent in the record, trial was to a jury. That, however, is not important for it is apparent that the trial court, in the exercise of its own judgment as to the effect of the evidence, directed the jury to return a verdict against the plaintiff upon his amended complaint and a money judgment in favor of the defendant upon the counterclaim. This direction indicates the court's conviction that plaintiff failed in his proof.

In his argument here plaintiff lays stress upon the proposition that the written contract of sale which he signed did not in fact express the real intention of the parties, that their minds did not so meet as to result in a binding contract. Neither the original nor the first amended com-

plaint is brought up in this record. We do not know the contents of either pleading. We cannot pass upon any errors based upon the assumption that there was any such issue involved as to justify setting aside of a contract on the ground that it did not represent the intention of the parties. The second amended complaint also forbids us to enter upon any such inquiry for it expressly alleges that the seller and the buyer entered into a written contract of sale which included a warranty, and this written instrument is set forth in haec verba. The warranty clause thereof is that the car is "free from defects in material and workmanship under normal use and service" and the obligation thereunder is "limited to making good at our factory any part or parts thereof which shall within ninety (90) days after delivery of such vehicle to the original purchaser, be returned to us with transportation charges prepaid." The third complaint does not allege and the evidence does not show any breach of this written warranty. The plaintiff not only by his pleading assumed that the written warranty governed the rights of the parties, but by his action in sending one of the parts within the limited period to the factory where satisfactory repairs or corrections were made therein, put such construction on the contract. The warranty clause also contains this provision: "This warranty being expressly in lieu of all other warranties expressed or implied and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our vehicles." The form of this warranty is that adopted by the National Automobile Chamber of Commerce. As already stated, plaintiff's complaint alleges that this warranty was contained in the written contract under which the purchase was made. By including it in his complaint by copy the plaintiff adopts the same as measuring the rights of the parties. Notwithtsanding these averments of his complaint, the plaintiff at the trial asked relief under an oral warranty which he says an agent of the seller made at the time of

the delivery of the automobile, more than forty days after the written contract was signed by the parties, which, if made, is absolute and unrestricted and not in any respect limited. The trial court directed the verdict against the plaintiff upon the ground that the alleged oral warranty and the written warranty were conflicting and that plaintiff must recover, if at all, upon the written and not the oral warranty.

We do not see what other ruling the court could make upon the plaintiff's own showing. He does not charge fraud. He is estopped to invoke any relief under his original complaint on the ground that the written contract does not express the intention of the parties, and he may not obtain relief upon an oral warranty which is at variance with and antagonistic to the written warranty which he himself says he knowingly entered into. Moreover, if the alleged conflicting oral warranty was made, and the agent who made it was authorized to do so by his principal, there was no consideration therefor. *Savage v. Markey Mach. Co.*, 128 Wash. 433, 223 Pac. 2. The court there held that a recital in a bill of sale of an article, given about a week after a sale and delivery thereof, that it was in first class condition was, as to the warranty therein involved, wholly without consideration. Unless the court in some of its other rulings during the trial committed error, this judgment must stand.

Plaintiff says that the court abused its discretion in permitting the defendant, after its motion to strike from the complaint certain averments was denied, to renew the same objection in another form without first obtaining leave of court to do so. The authorities cited in favor of that proposition are not in point. In the absence of a contrary showing in the record we must assume that leave of the court to renew was granted. This leave is implied from the fact that the court entertained the second motion or objection and sustained it. There has been no such abuse of discretion as to justify a reversal on that ground. It may be conceded without discussion that for a breach of a con-

tract there is a right to rescind. This concession, however, is of no benefit to the plaintiff here for it is only upon an alleged breach of an oral warranty that he relies, and we have already held that he is bound by the allegations of his own pleading and by his own proof that the only warranty made was that in writing embodied in the contract of sale, and it was not breached or violated.

. Plaintiff is also mistaken in his assertion that in directing a verdict the court wrongly passed upon the weight and sufficiency of the evidence. We have already said that this was an equitable action. Even if the jury had found for the plaintiff under his complaint and had returned a verdict in his favor, it would not be binding upon the court, being advisory only. The record shows unmistakably that the trial court based its direction upon an entire absence of any evidence that there was a breach of the written warranty, indeed, there was no allegation in the amended complaint that it was breached. Since we have held that under the pleadings the plaintiff was precluded from any recovery upon the alleged oral warranty, because it conflicted with the written warranty, and, if there was an oral warranty made, it was without consideration, the judgment was right.

No prejudicial error appearing, the application for supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.